MoEtrnsEY, J.,
delivered the opinion of the court.
This was an action of trespass, quare elcmsvm fregit, for cutting down certain timber trees, &c.
The place where the alleged trespass was committed, was claimed by both plaintiff and defendant, and was-covered by the title deeds of both parties. Prior to the alleged trespass, complained of in the present action, there was no actual possession of the part covered by both titles, being about twenty-two acres.
*168 The proof shows that the defendant entered upon, and built a bouse and made an enclosure within the limits of said twenty-two acres, and that he was residing upon, and adversely holding the same, at the commencement of this action. And the question is, whether the plaintiff, assuming for the present that his was the elder and better title, can maintain this action to recover damages for the timber cut down by the defendant, upon said twenty-two acres, from time to time, before erecting the building and enclosure, and taking actual possession of the same. It is argued that he cannot, and so the circuit judge instructed the jury.
This instruction, we think, was erroneous.
It is unquestionably true, that to maintain the action of trespass, quare elmsum fregit, the plaintiff must, at the time the trespass was committed, have had either an actual possession of the premises, or a constructive possession in respect of the right being actually vested in him. 4 Kent’s Com., 120; Polk vs. Henderson, 9 Terg. R., 310.
The case of Polk vs. Henderson, and other decisions of this court, establish the doctrine, that the legal owner may, in the absence of an adverse possession, maintain trespass quwre elauswn fregit, upon his constructive possession of the premises, against an actual trespassor; but that he cannot maintain such action against a person in the actual adverse possession of the premises, at the time the alleged trespass was committed.
It is well settled, that if one in possession be disseised, he may maintain trespass qua/re elmsum fregit against the disseisor for the act of disseisin itself, because, at the time of the disseisin, he was in .possession; but for any injury after the disseisin he cannot support this action, *169 until after he has regained the possession, and then he may maintain trespass for all intermediate damage. (1 Chitty’s Pl., 177, 178; 4 Kent’s Com. 119, 120.) Upon re-entry, the law supposes the freehold to have all the time continued in him; and he is restored to liis possession ab initio. II).
If, then, the person disseised, may, while out of possession, maintain this action against the disseisor, in the actual adverse possession, for the injury occasioned by the act of disseisen, much more, it would seem, may he maintain such action for any casual trespass upon the premises, not in itself amounting to a disseisin. A mere entry and cutting trees standing upon the premises, constitutes neither a disseisin, nor actual adverse possession. Such acts, however frequently repeated, would confer upon the wrong-doer, no such possession as would entitle the rightful owner to maintain an action of ejectment against him; nor would it be such possession as the former could avail himself of under the statute of limitations.
Casual trespasses upon the premises, preceding disseisin, and actual adverse possession taken by the wrong-doer, are clearly distinguishable from injuries to the freehold, committed after the inception of such adverse possession. For the former, both in reason and upon authority, the action of trespass may be supported by the party dissei-sed, before being restored to the possession, and during the continuance of the wrong-doer’s adverse possession ; because such acts of themselves, working no disseisin, the possession, actual or constructive, was still in the rightful owner, at the time of their commission.
But, as to injuries committed after the wrong-doer has acquired actual adverse possession, the law is wholly *170 different. For sucb injuries, trespass cannot be supported until after tbe possession is regained.
Judgment reversed.